**In re Tom Powell READ, Debtor.**

**Bankruptcy No. 91–01762–APG.**

United States Bankruptcy Court,
M.D. Alabama.

July 15, 1991.

M. Donald Davis, Jr., Mobile, Ala., for AmSouth Bank.

J. Earl Smith, Dothan, Ala., for debtor.

Curtis Reding, Trustee.

## OPINION ON OBJECTION TO CHAPTER 13 PLAN AND MOTION FOR RELIEF FROM STAY

A. POPE GORDON, Bankruptcy Judge.

Creditor AmSouth Bank, N.A. objected to confirmation of the debtor's proposed Chapter 13 plan and moved for relief from the automatic stay imposed by 11 U.S.C. § 362(a) to file an eviction action against the debtor in state court.

The objection to confirmation and motion for relief from stay came on for hearing June 11, 1991, after which the parties filed briefs on the issues of law raised by the motions.[1]

The undisputed facts are as follows. AmSouth Bank held a mortgage on the debtor's residence. The debtor defaulted under the terms of the mortgage. AmSouth Bank purchased the debtor's residence at a foreclosure sale held March 19, 1991.

The bank made written demand on the debtor for possession of the real property. The debtor received the demand on April 2, 1991, and filed the instant petition in bankruptcy on April 8, 1991.

Under the debtor's proposed Chapter 13 Plan, the debtor desires to cure the pre-foreclosure default and reinstate the mortgage.[2]

---

1. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(G) and (L).

2. The debtor proposes to pay AmSouth $200.00 per month through the Chapter 13 Plan to cure the pre-foreclosure $7,700.00 default. The debtor proposes to pay AmSouth $792.00 per month directly to maintain the monthly payments prescribed by the mortgage. Under 11 U.S.C. § 1322(b)(5), a plan may

provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending ... on any secured claim on which the last payment is

AmSouth Bank contends that the debtor cannot "cure" the pre-foreclosure default and reinstate the mortgage because the bank foreclosed the debtor's interest in the property prior to the bankruptcy petition.

> Most courts have prohibited Chapter 13 debtors from rehabilitating a home mortgage if the foreclosure sale occurred before the petition. Diversity in redemption laws from state to state may affect the point after which the power to cure defaults and reinstate a home mortgage is available (footnotes omitted).[3]

1 Keith M. Lundin, *Chapter 13 Bankruptcy*, § 4.40, p. 4–38 (1990).

■ Under Alabama law, the only interest remaining in the mortgagor after a foreclosure sale is the right to redeem the property pursuant to the Alabama redemption statute. *Ala.Code* § 6–5–247 *et seq.* (1975).[4]

Under this statute, a mortgagor has the right for a period of one year following the foreclosure sale to redeem the property by paying the mortgage balance, accrued interest, and other legal charges.[5] *Ala.Code* § 6–5–253 (1975).

However, a mortgagor may lose the statutory redemption right if he fails to relinquish possession of the property within 10 days after written demand by the purchaser. *Ala.Code* § 6–5–251.

In the instant case, the debtor remains in possession some three months following written demand by AmSouth Bank.[6]

The debtor has forfeited his last remaining right in the property—the statutory right to redeem.

The property is not property of the debtor or of the estate. AmSouth Bank, as owner, has the right to proceed against the debtor to attempt recovery of possession.

An appropriate order will enter separately.

## ORDER SUSTAINING OBJECTION TO CHAPTER 13 PLAN AND GRANTING MOTION FOR RELIEF FROM STAY

In accordance with the opinion of the court entered this day, it is hereby

ORDERED that the motion of AmSouth Bank to terminate the automatic stay in this case is GRANTED, and the objection to confirmation is SUSTAINED.

The debtor has 15 days from the date of the entry of this order to modify his plan and request confirmation.

Otherwise, the case will be dismissed.

---

due after the date on which the final payment under the plan is due ...

It appears that the last payment *under the mortgage* was to become due after the final payment proposed under the plan.

3. Under 28 U.S.C. §§ 1334(d) and 157(a), the court has jurisdiction of the property of the debtor. 11 U.S.C. § 541 governs which property of the debtor becomes property of the bankruptcy estate. However, state law determines the *nature* and *existence* of a debtor's property rights. *See In re Thomas*, 883 F.2d 991, 995 (11th Cir.1989). Neither § 1334(d) nor § 541 expand these rights.

4. In Alabama, "execution of a mortgage passes legal title to the mortgagee, leaving the mortgagor" with a right to redeem the property by payment of the mortgage debt. "Foreclosure marks the end of this property right," at which point the statutory right of redemption begins. *Federal Deposit Ins. Corp. v. Morrison*, 747 F.2d 610, 613 (11th Cir.1984).

5. Some courts appear to disregard state law and allow the curing of a pre-foreclosure default through deferred payments even though the state redemption statute requires lump sum payment of the entire mortgage debt. *See, e.g., In re Thompson*, 17 B.R. 748 (Bankr.W.D.Mich. 1982). Redemption by lump sum payment is not novel to the Bankruptcy Code. *See* 11 U.S.C. § 722.

6. Under 11 U.S.C. § 108(b), "if applicable nonbankruptcy law ... fixes a period within which the debtor ... [may] cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition," the debtor may cure or perform within 60 days after the order for relief. Not only has the 10 days allowed under Alabama law expired, the 60 days allowed under § 108(b) has also expired.